IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:02CV165-1-MU

ROGER BYRD,

    Plaintiff,

v.

UNITED STATES MARSHALL
   SERVICE, et al.,

    Defendants.

**O R D E R**

**THIS MATTER** comes before the Court upon Defendant Pendergraph's Motion to Dismiss, filed May 14, 2002.

On or about April 12, 2002, Plaintiff filed a pro se action seeking damages for a variety of physical symptoms allegedly occasioned by the failure of Mecklenburg County Jail officials to adequately treat his diabetic condition between May 28, 1997, and September 23, 1997. More specifically, Plaintiff alleges that during his initial intake into custody he informed Mecklenburg County Jail officials that he had suffered from diabetes mellitus from an early age. (Compl. ¶¶ 15-16). Nevertheless, Plaintiff alleges that jail officials failed to provide him with proper medical care and as a result he was hospitalized on September 23, 1997. (Compl. ¶¶ 17, 19). At the time of his hospitalization Plaintiff was suffering from delirium, rapid weight loss, and severe psoriasis. (Compl. ¶ 17). Plaintiff was also suffering from a temporary vision loss brought about by the lack of a proper diet and denial of medical care. (Compl. ¶ 24). On September 27, 1997, after a four day stay, Plaintiff was released from the hospital. Plaintiff further alleges that in March 2000 he learned

that his vision loss was permanent. (Compl. ¶ 32). Plaintiff also alleges that he suffers from degenerative atherosclerosis, atherosclerotic heart disease, cerbovascular (sic) disease, renal disease, systolic heart murmur and myocardial infarction. (Compl. ¶¶ 29, 33).

Defendant Pendergraph has filed a Motion to Dismiss asserting that Plaintiff's claims are untimely and therefore he should be dismissed from this case. There is no federal statute of limitations for § 1983 actions, and therefore the state statute governing personal injury should be applied. Wilson v. Garcia, 471 U.S. 261 (1985). In North Carolina a three year statute of limitations applies to any personal injury not covered by another limitation. N.C. Gen. Stat. § 1-52(5). Consequently, Section 1983 claims arising in North Carolina have a three year statute of limitations. National Advertising Co., 947 F.2d 1158, 1161-62 (4th Cir. 1991).

Plaintiff's Complaint sets forth that the actions upon which Plaintiff is basing his lawsuit took place over five and a half years prior to his filing his Complaint. In his response to Defendant Pendergraph's Motion to Dismiss,[1] Plaintiff tries to avoid the conclusion that his Complaint is untimely by asserting that it was not until March of 2000 that he realized that his loss of vision was permanent. Plaintiff cannot escape however, the fact that he was aware of the fact that he believed as of September 1997 that he had sustained a variety of injuries as a direct result of the county jail's alleged failure to provide him with adequate medical care for his diabetes. Because by September 1997 he had knowledge of the fact of his injury and its cause meant that his cause of action accrued at that time. See Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(en

---

[1] The Court notes that Plaintiff argues extensively about his Federal Torts Claim Act claim when responding to Defendant Pendergraph's assertion in his Motion to Dismiss that Plaintiff's Complaint is untimely. The Court is unclear of the FTCA limitation period's relevance to a non-federal defendant.

banc), cert. denied, 516 U.S. 1177 (1996). In Nasim, the Fourth Circuit held that "for purposes of a § 1983 claim, a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice of it – e.g., by the knowledge of the fact of injury and who caused it – to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim. Id. at 955. The fact that Plaintiff did not realize the full extent of his injuries does not impact the applicable limitation period.

In addition, the Court notes that even if Plaintiff's Complaint were timely, Defendant Pendergraph would still be dismissed because the doctrine of respondeat superior is inapplicable to claims under § 1983. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982).

Plaintiff does not connect any specific acts with Defendant Pendergraph. Rather, he bases his claims against Defendant Pendergraph on the fact that acts of jail employees are imputed to Defendant Pendergraph. As stated above, that is simply incorrect. Because Plaintiff does not allege any personal conduct by Defendant Pendergraph and does not state that the actions of which he complains were taken pursuant to a custom or policy of Defendant Pendergraph, he fails to state a claim against him. Moreover, Defendant Pendergraph is not liable for the alleged flawed judgment of jail medical professionals. See Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990)("It would be an unprecedented extension of the theory of supervisory liability" to charge prison warden with ensuring the prison's medical staff "employ proper medical procedures").

To the extent Plaintiff is asserting a state cause of action against Defendant Pendergraph, this Court declines to exercise supplemental jurisdiction over this claim. See 28 U.S.C. § 1367(c).

Finally, this Court notes that although no dispositive motion has been filed on behalf of the Defendant Mecklenburg County Jail, the jail is not a proper party. In order to state a claim of municipal liability a plaintiff must allege that his injury was caused by the execution of a municipal custom or policy. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Plaintiff does not identify any custom or policy that resulted in his alleged injury. Consequently, Plaintiff fails to state a claim against the Mecklenburg County Jail.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant Pendergraph's Motion to Dismiss is **GRANTED**;

2. Defendant Pendergraph is **DISMISSED** from this case; and

3. Defendant Mecklenburg County Jail is **DISMISSED** from this case.

Signed: May 16, 2006

Graham C. Mullen
United States District Judge